**LOVE REAL ESTATE COMPANY, Respondent,**

v.

**LINCOLN AMERICAN LAND LIMITED PARTNERSHIP, James P. Davis, Gordon Gundaker, Robert McKelvey and John Steffen, Appellants.**

Nos. 53460, 53509.

Missouri Court of Appeals, Eastern District, Division One.

April 26, 1988.

Brian Paul Seltzer, Alan E. Popkin, Daniel N. Bloom, Clayton, for appellants.

Judy Baker Burton, Gerard Timothy Carmondy, St. Louis, for respondent.

CRIST, Judge.

Lincoln American Land Limited Partnership and those who are partners in the limited partnership (seller) appeal from a directed verdict granted Love Real Estate Company (broker). Broker cross-appeals asserting the interest component of the award was improperly calculated. We affirm in part and remand in part with directions.

Broker brought suit against seller on a promissory note for its real estate commission as listing agent for a piece of property owned by seller. At the onset of the trial the court held the promissory note was unambiguous and granted broker's motion in limine to exclude evidence which would vary the terms of the written note. Seller presented no evidence and at the close of all the evidence the court granted broker's motion for a directed verdict.

The commission of $118,800 represented 3.3% of the $3.6 million selling price of the property. The property was sold for $1 million down, with seller taking back a note for the remaining $2.6 million. Because of the terms of the sale, the parties agreed to a payment of the commission in twelve monthly installments of $9,900 each. The agreement, which was memorialized in the promissory note at issue here, provides for changes upon the happening of specified events. After making one payment to broker seller was forced to accelerate the underlying $2.6 million note on the property by reason of buyer's default in payment thereon. No other payments were made by seller to broker.

In July 1984, one year after the last designated date in the note, broker brought suit on the note for $108,900 in unpaid principal, as well as for interest and attorney fees. In its answer seller admitted it accelerated the underlying note after buyer defaulted, and that it purchased the property at the foreclosure sale. The answer also admitted that as of October 1984, some of the property had been resold for approximately $345,000. In an offer of proof during his opening statement, seller's attorney stated that buyers had made one payment of $33,945 in addition to the $1 million downpayment. Thus, as of October 1984, seller still retained the majority of the property, had presumably received $1,378,945 on the property, and had paid $9,900 (0.72%) in commission to broker.

Seller asserts the promissory note is ambiguous and was intended to relieve them of the obligation to pay the commission if, as happened, buyer defaulted on the underlying $2.6 million note.

The first page of the two-page promissory note is as follows:

FOR VALUE RECEIVED, the undersigned promise to pay to the order of Edward K. Love Realty Company [broker], ... the principal sum of One Hundred Eighteen Thousand Eight Hundred Dollars ($118,800) with interest thereon, in certain events, at the rate hereinafter

provided for to be paid in lawful money of the United State [sic] as follows:

Twelve (12) successive monthly installments of principal in the amount of Nine Thousand Nine Hundred Dollars ($9,900) each commencing on the fifteenth day of June, 1981 and on the fifteenth day of each calendar month thereafter to and including the fifteenth day of May, 1982.

Interest shall not accrue on the aforementioned principal sum except as hereinafter provided.

*In the event that the undersigned Lincoln American Land Limited Partnership shall accelerate the maturity of that certain part purchase promissory note in the approximate amount of $2,600,000 accepted by said limited partnership in payment of part of the purchase price paid by We Care America* in connection with the sale to We Care America for approximately 680 acres located in Franklin County, Missouri and known as the Blue Bar Farm *by reason of default of We Care America thereunder, then at the time of such acceleration interest [sic] shall commence to accrue at the rate of 12% per annum on the unpaid principal balance and such interest shall be payable on the first day of each calendar month thereafter to and including June 15, 1983, on which date the entire principal balance together with all accrued interest shall be due and payable.*

The whole of the principal sum and interest shall be due and payable at the option of the holder hereof upon the occurrence of any of the following events:

(i) default in the payment of any installment of principal or interest herein provided for;

(ii) the prepayment of $1,000,000 or more of the principal balance of the aforemen-tioned [sic] $2,600,000 part purchase money promissory note; or

(iii) the foreclosure of the deed of trust securing the aforementioned $2,600,-000 part purchase money promissory note by the holder hereof and the subsequent resale by the purchaser at fore-closure [sic] of the property encumbered thereby, *except that in the event of a subsequent resale where the sale price is less than the balance due under the part purchase money promissory note, the principal balance of this note shall be reduced by an amount equal to 3.3% of the difference between the sale price of the subsequent resale and the balance due on the part purchase money promissory note at the time of foreclosure.* (Emphasis added.)

At trial seller made an offer of proof indicating it wished to elicit testimony during its cross-examination of broker's president to the effect that the underscored portion of section (iii) of the note was added at the insistence of seller over broker's objection that the new language "limited [broker's] right to receive the full amount of the commission to which ... it was entitled...." Seller's offer of proof also anticipated that broker's president would testify he understood "that the payments that he received under this note ... [were] tied to the receipt by [seller] of payments from [buyer] ..." which is why broker did not seek payment on the promissory note. Broker's objection to the offer of proof was sustained.

The issue before us on seller's appeal is whether the court was correct in finding the promissory note unambiguous and in prohibiting the parol evidence.

Basically seller's argument is that the promissory note is ambiguous because a literal reading of the note is unfavorable to it and it would never have suggested something so unfavorable.

■ Parol evidence may not be introduced to create an ambiguity in an otherwise unambiguous contract or to show that an obligation is other than that expressed in a written document. *Southgate Bank & Trust Co. v. Axtell,* 710 S.W.2d 247, 253 [5] (Mo.App.1986). A contract is ambiguous if reasonable people can fairly construe its terms differently. *Hill v. McDonald's Corp.,* 709 S.W.2d 169, 170[4] (Mo.App. 1986).

The two-page promissory note for broker's commission may be unusual but that does not make it ambiguous. Parties to a real estate sale may vary the terms of the commission contract. *Meridian Interests, Inc. v. J.A. Peterson Enterprises, Inc.*, 693 S.W.2d 179, 182 [4] (Mo.App.1985). The terms set up by the parties may be more or less favorable to either party. Just because the parties have set their own terms or because after the fact they interpret the terms differently does not necessarily mean the contract is ambiguous. *Chapman v. Auto-owners (Mutual) Ins. Co.*, 684 S.W.2d 335, 336 [3] (Mo.App.1985); *Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 914 [13] (Mo.App.1984).

Without looking beyond the two-page promissory note, it is possible to determine that there was an underlying obligation to seller and that the performance of that obligation would affect the payment of the promissory note. If the underlying $2.6 million note was paid on schedule broker would receive $9,900 a month for twelve months and no interest would accrue. However, if seller accelerated the underlying $2.6 million note because of buyer's default then seller would have an additional thirteen months to pay the commission, but interest would begin to accrue at a rate of 12%. The second half of the first page of the note begins with a paragraph stating that broker can accelerate the promissory note "upon the occurrence of any of the following events." Three numbered paragraphs follow this statement. The first allows broker to accelerate if seller defaults on any payments. Paragraph (ii) requires a prepayment of $1 million or more on the underlying note. The last paragraph deals with "the foreclosure ... and subsequent resale" of the property. An acceleration under this third eventuality is qualified, however, in that if the property resells for less than the balance due on the underlying note broker's commission would be reduced proportionately.

The trial court allowed testimony that seller accelerated the underlying note but that broker did not accelerate the promissory note as allowed by paragraph (i). The event foreseen by paragraph (ii) did not occur. And, the property not resold after foreclosure still remains in seller's possession. Thus, the event described in the first part of paragraph (iii) did not occur and the reduction in the amount of the commission was not triggered.

Although we find the promissory note to be unambiguous, we will address seller's argument on the note. Seller argues that the reduction provision in paragraph (iii) applies to the whole note not just to paragraph (iii) and was triggered as soon as buyer defaulted. This interpretation is not only contrary to the plain reading of the promissory note but would mean the provisions for the one year extension and the 12% interest were just excess verbiage. We must avoid contract constructions that would render some of the provisions unnecessary. *Harris v. Union Electric Co.*, 622 S.W.2d 239, 248[10] (Mo.App.1981); *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 80[2] (Mo.App.1979).

Seller argues that requiring a commission on money not collected from the buyer is unreasonable. We disagree. The general rule is that the broker's commission is due whether the seller gets its money from buyer or not. *Meridian Interests*, 693 S.W.2d at 182[3]. Since seller has the property back and has collected over $1 million it is not unreasonable for it to pay broker's commission. Seller's point on appeal is denied.

It its cross-appeal broker asserts the court erred in awarding it simple rather than compounded interest on the principal sum due. The promissory note provides:

> [A]t the time of such acceleration interest [sic] shall commence to accrue at the rate of *12% per annum on the unpaid principal balance* and such interest shall be payable on the first day of each calendar month thereafter to and including June 15, 1983, on which date the entire principal balance together with all accrued interest shall be due and payable. (Emphasis added.)

The note also states:

> The whole of *the principal sum and, to the extent permitted by law, any ac-*

*crued interest* shall bear interest at the rate of fifteen per cent (15%) per annum from and after maturity whether or not resulting from acceleration. (Emphasis added.)

The issue is whether the language of the note provides for interest to be compounded or whether broker is only entitled to simple interest. Interest cannot be compounded absent an agreement between the parties. *Sloan v. Paris,* 541 S.W.2d 316, 321[6] (Mo.App.1976). As to the 12% interest the note reads "interest shall ... accrue ... on the unpaid principal balance and such interest shall be payable...." A plain reading of this paragraph calls for interest to be paid only on the principal not on any accrued interest.

The 15% interest accruing after maturity, however, must be compounded because the parties' agreement calls for interest on "the principal sum and ... any accrued interest...." The interest rate is to be compounded yearly, however, not monthly. When this promissory note was drafted the 1982 amendment to § 408.080, RSMo 1978, allowing for the monthly compounding of interest was not in affect. Under the then existing statute only annual compounding was allowed.

The cause is remanded for the sole purpose of allowing the trial court ·to determine, in accordance with this opinion, the interest due on the promissory note and for the entry of an appropriate amended order. In all other respects the judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.