**AMERICAN BANK, Appellant,**

v.

**Gilbert J. and Dorothy WEGENER, Defendants,**

and

**Anson Implement, Inc., Respondent,**

and

**Phoenix Mutual Life Insurance Company, Defendant.**

**No. WD 41528.**

Missouri Court of Appeals, Western District.

Sept. 26, 1989.

J. Kent Emison, Carter J. Ross, Bradley, Langdon, Bradley & Emison, Higginsville, for American Bank.

Charles H. Green, III, Higginsville, for Anson.

Don Chapman, Chillicothe, Gilbert & Dorothy Wegener, Higginsville, for Phoenix.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

At issue in this case is the question of what amount of interest the holder of a secured promissory note may recover from the proceeds of sale of the mortgaged property on foreclosure by the holder of a junior mortgage debt. The trial court held the note in question to allow compound interest. American Bank, holder of the junior note, appeals contending that only simple interest should have been allowed. We affirm.

The facts of the case are not in dispute. Defendants Gilbert J. and Dorothy L. Wegener signed successive promissory notes, each secured by a deed of trust, to Phoenix Mutual Life Insurance Company on December 10, 1964, and to Anson Implement, Inc., on May 8, 1970. The Wegeners thereafter signed and delivered two notes to American Bank, one on January 9, 1982 for $410,-418.69 and a second on February 22, 1983 for $108,109.00. These notes were also secured by a deed of trust on the same real estate. The Wegeners subsequently defaulted in payments owed on all of the notes and foreclosure of the deed of trust followed.

It was agreed that upon foreclosure by American Bank of its deed of trust, the debts owed to Phoenix Mutual and to Anson constituted superior liens on the proceeds. It was also agreed that the amount owed Phoenix Mutual as of December 27, 1988 was $48,904.92, including interest to that date. The dispute was over the amount Anson was entitled to claim. According to American Bank, Anson was owed $62,097.51 as of December 27, 1988 based on a computation of the principal balance of its note together with simple interest at 8 percent. Anson contended that the interest on the note it held should be compounded with unpaid interest added to principal and thereafter to accrue interest at the 8 percent rate. The amount in dispute based on these opposing calculations is $40,804.17.

American Bank raises two points on appeal. It first contends that the trial court misconstrued the terms of the Wegener note to Anson in that the language of the note does not provide for compound interest. Second, it is asserted that the trial court erroneously considered testimony as to what the intention of the parties to the note was because that evidence was excluded from the case under the parol evidence rule.

The Anson note was in the face amount of $29,023.41 and was repayable $1000.00 on July 17, 1970, and $500.00 on the 17th day of each month thereafter. Interest at 8 percent on each installment and on the unpaid principal balance was to be paid at the maturity of each installment. The note also contained the following language:

If default is made in the payment of any installment when due, then all the remaining installments shall, at the option of the holder, become due and payable at once. *This note and all installments are to bear interest after maturity thereof at the rate of 8 percent per annum.* (Emphasis added).

The Wegeners made various payments on the note which, according to the calculations by Anson and accepted by the trial court, resulted in an unpaid principal balance as of June 1, 1971 of $26,886.15 with interest paid to that date. The only payments made by Wegener thereafter were $129.71 on August 1, 1978 and $1,000.00 on February 4, 1982.

To compute the sum due on the Anson note as of the date of judgment, December 27, 1988, the trial court commenced with the June 1, 1971 balance and compounded interest at 8 percent for each year thereafter on the successive annual balances, allowing credits for the 1978 and 1982 payments. The result was the sum of $102,-901.68 for which judgment was entered in favor of Anson. American Bank argues that calculating interest on interest overstates the debt by $40,804.17 because only simple interest is provided in the note.

■ The finding by the trial court which allowed compound interest on the Anson note was based on testimony by M.L. Anson and Gilbert J. Wegener that each understood the terms of the obligation to include a compounding of interest. The

court limited the compounding to once each year in view of § 408.080, RSMo 1969, in effect when the note was signed.

American Bank first contends that the trial court erred in allowing Anson compound interest because the note makes no provision for compound interest. Cited, among other cases, is *Love Real Estate v. Lincoln American Land Limited Partnership*, 751 S.W.2d 759 (Mo.App.1988), which hold that interest cannot be compounded absent an agreement between the parties to this effect.

The repayment terms of the subject note were, in the relevant portion: "One Thousand and no/100 Dollars on the 17th day of July, 1970, and Five Hundred and no/100 Dollars on the 17th day of each succeeding month thereafter until the whole sum named is fully paid with interest from date at 8 percent per annum." There was no further recitation as to how or when interest currently due was payable or whether the stated installment payments were to be applied to principal or to interest or partially to each. It could be argued that each installment payment was intended to consist of $500.00 credited against principal plus an added sum to cover that month's interest. It could equally well be contended that the maker owed only $500.00 each month, a portion of which would cover the interest due to that date.

The uncertainty of how much was due to be paid each month was not clarified by the added language, "The interest on each installment and the interest on the unpaid balance of the principal sum are to be paid at the maturity of each installment." The last quoted sentence does, however, confirm that interest was due each month. Whatever may be the interpretation of the language describing monthly payments owed, it is clear that each payment did include interest then due.

The language with respect to default in payment, quoted earlier in this opinion, provided that if installments were not paid at maturity, interest at eight percent would be charged on the installment. Because each installment by definition included a sum of interest, it necessarily follows that post-maturity interest was charged in part against interest thereby effecting a compounding of interest.

We conclude, contrary to appellant's contention, that Anson was entitled to collect compound interest under the terms of the subject note. It was unnecessary, but not error, for the trial court to rely on the oral evidence by witnesses Anson and Wegener explaining their understanding of the agreement to pay compound interest.

In its second point, American Bank argues that testimony obtained from M.L. Anson and Gilbert Wegener as to their understanding that interest on the note was to be compounded should have been disregarded because American Bank's objections to that evidence were sustained. On this account, appellant says the evidence was not in the case and could not support the court's recitation in the judgment that compound interest was allowable on testimony of the parties to their understanding of what the note provided.

In the first place, the trial court's ruling on the objection by American Bank based on the parol evidence rule was qualified to allow the witness an opportunity to relate what the conversations were concerning interest. The objection was only sustained as to conclusionary observations by the witness. More importantly, however, when American Bank's counsel undertook to cross-examine Wegener, he reopened the subject by asking Wegener if he remembered the discussions with Anson on the question of compound interest. Wegener avowed that he did and that the understanding was for payment of "interest on interest." By the cross-examination, American Bank waived any objection it otherwise may have had and provided evidentiary support for the court's findings.

Appellant also argues, irrespective of what evidence may have been introduced, that under the parol evidence rule as a rule of substantive law, any evidence of prior or contemporaneous agreements offered to vary or contradict the terms of an unambiguous and complete writing must be ignored. Cited, among other cases, is *Centerre Bank of Kansas City v. Distributors, Inc.*, 705 S.W.2d 42 (Mo.App.

1985). The problem with this contention, even assuming that the terms of the note did not themselves provide for compound interest, is that American Bank was not a party to the agreement in issue. The rule excluding extrinsic evidence sought to be introduced for the purpose of affecting a written instrument is applied only where the controversy is between the parties to the instrument or to their privies. *Nieman v. First National Bank of Joplin,* 420 S.W.2d 20, 22 (Mo.App.1967). As a stranger to the note between the Wegeners as makers and Anson Implement, Inc. as payee, American Bank had no standing to complain of testimony by Wegener and Anson that their agreement was for payment of compound interest. Appellant's points of asserted error are denied.

The trial court accepted the computation of the Wegener debt made by Anson as showing a balance of principal and interest due in the amount of $102,901.68 as of the date of judgment. The appeal does not challenge the mathematics of this calculation and we therefore assume the judgment amount to be correct based on a compounding of interest annually.

The judgment is affirmed.

All concur.