Felicitas A. DRISCOLL, Appellant,

v.

Ernest R. KONZE, Respondent.

No. 47089.

Supreme Court of Missouri,
Division No. 1.

March 9, 1959.

Motion for Rehearing or to Transfer to
Court en Banc Denied April 13, 1959.

J. Ward Driscoll, Clayton, for appellant.

G. A. Buder, Jr., Richard O. Roberts, St. Louis, for respondent.

COIL, Commissioner.

Appellant, Felicitas A. Driscoll, herein referred to as plaintiff, has appealed from the trial court's judgment quashing the alias scire facias to revive a judgment which was personally served upon respondent, the alleged judgment debtor, referred to herein as defendant. The undisputed facts consist of excerpts from appropriate court records. An adequate appreciation of the precise issue here presented requires a chronological statement of pertinent events covering the period from 1927 to 1958.

On January 12, 1927, Daniel F. Driscoll, present plaintiff's predecessor, recovered a judgment against Ernest R. Konze for $12,000. On January 11, 1937, plaintiff instituted an action on that judgment which, for instant purposes, we shall hereinafter treat as a proceeding to revive the 1927 judgment. On January 14, 1937, the defendant was served with process in that action. On September 22, 1938, the death of plaintiff, Daniel Driscoll, was suggested and on January 24, 1939, the cause was revived in the name of present plaintiff, Felicitas A. Driscoll, executrix. On April 19, 1939, a judgment was entered which, for present purposes, we shall consider a judgment purporting to revive the 1927 judgment. On April 9, 1949, plaintiff moved for a scire facias to revive the April 19, 1939, judgment and the writ was issued on April 11, 1949. Sometime prior to July 27, 1949, the sheriff made the following return thereon, "After due and diligent search, the within named defendant, Ernest R. Konze, cannot be found in the City of St. Louis, Missouri." On July 27, 1949, service by publication was ordered and the notice ordering defendant to show cause why the judgment of January 12, 1927, should not be revived was duly published. The defendant failed to appear and on October 29, 1949, a judgment purporting to revive the $12,000 1927 judgment was entered.

On February 10, 1956, plaintiff moved for a judgment debtor's examination and defendant was ordered to appear therefor on February 16, 1956. (The transcript shows that the sheriff's return of service on such order was filed on February 13, 1956, but does not disclose the contents of that return.) On February 24, 1956, plaintiff filed a motion to charge defendant's interest in a certain partnership with the payment of the unpaid allegedly revived judgment and to appoint a receiver in connection therewith. Defendant's motion to quash those proceedings was sustained on March 29, 1956, and on appeal therefrom this court held (Driscoll v. Konze, Mo., 296 S.W.2d 31) the purported judgment of revival of October 29, 1949, was void because there had been

no valid service by publication in that the order for publication was not based upon a finding by the court that the judgment debtor could not be found or served anywhere in the State of Missouri.

This court's mandate in that case was filed in the trial court on *January 21, 1957,* and on *February 6, 1958,* plaintiff moved for an alias scire facias to revive the judgment of April 19, 1939, the writ was issued, and defendant was personally served therewith on February 7, 1958. Thereafter, as stated, defendant's motion to quash was sustained and plaintiff appealed from the ensuing judgment.

It is defendant's position on this appeal that the trial court correctly sustained his motion to quash for two reasons: The original $12,000 judgment, entered on January 12, 1927, expired on January 12, 1937, by reason of Section 516.350 RSMo 1949, V.A.M.S., and thus the purported judgment of April 19, 1939, based on the expired 1927 judgment was a nullity; and even if the judgment of April 19, 1939, is assumed to have been a valid judgment, it was conclusively presumed to have been paid on April 19, 1949, by virtue of the provisions of Section 516.350, supra, and the abortive writ of scire facias issued prior to April 19, 1949, did not continue the 1939 judgment in effect until and at the time of the issuance of the alias writ in 1958.

It is plaintiff's position here that inasmuch as the suit on the January 12, 1927, judgment was instituted January 11, 1937, the ensuing judgment of April 19, 1939, was a valid judgment of revival of the 1927 judgment, and that inasmuch as a scire facias was issued on April 11, 1949, within ten years of the date of the 1939 judgment, that action (the issuance of the writ) made the 1939 judgment subject to revival for a period of ten years subsequent to the date of the writ (April 11, 1949), and that therefore, inasmuch as the alias writ in question was issued and served by February 7, 1958 (within ten years subsequent to April 11, 1949), the instant alias writ was valid and the trial court erred in quashing it.

As noted, defendant's first contention is that by the terms and provisions of Section 516.350, supra, no valid judgment was entered on April 19, 1939. His supporting argument is that even though plaintiff instituted his suit on the original judgment within ten years of the date (January 12, 1927) of the original judgment, defendant was not served with process until two days after the expiration of ten years subsequent to the 1927 judgment and no judgment of revival was entered until April 19, 1939, approximately two years and three months after the expiration of the 10-year period following the date of the 1927 judgment and, consequently, the purported April 1939 judgment was a nullity. That conclusion follows, says defendant, because of a proper construction of Section 516.350, supra, which provides in pertinent part: "Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, * * * and after the expiration of ten years from the date of the original rendition or revival upon personal service, * * * such judgment shall be conclusively presumed to be paid, *and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.*" (Our emphasis.)

It is defendant's contention that that section, properly construed, prohibits any step in an uncompleted suit on a judgment after the expiration of ten years by reason of the explicit language, "no execution, order or process shall issue thereon, nor shall any suit be brought, had or *maintained* thereon for any purpose whatever." (Emphasis ours.) In other words, if a judgment is to be revived by a suit on the prior

judgment, a judgment based upon such prior judgment must actually have been entered (i. e., the suit completed and nothing done thereafter) within the 10-year period following the date of the original judgment. Defendant relies upon the banc case of Wormington (Woolsey) v. City of Monett, 358 Mo. 1044, 218 S.W.2d 586, and specifically that portion of the opinion beginning at page 590. Although the portion of the Wormington opinion relied upon is specifically branded as dicta, it does support defendant's initial contention. In the view we take of this case, however, it is unnecessary to determine defendant's contention in that respect. And while, as noted, plaintiff's 1937 suit was a separate action based on the 1927 judgment and not a proceeding instituted by a scire facias, nevertheless we deem it important to observe that we do not understand the dicta in the Wormington case as dealing with or as purporting to deal with the situation where the revival is sought by a scire facias as opposed to a revival by a separate suit on the original judgment. So that, even if "maintained" as used in Section 516.350 has the meaning ascribed to it in the Wormington dicta, the prohibition there is against the maintenance of "any *suit*" on a prior judgment after the expiration of ten years and not against a proceeding by scire facias (a "mere 'special proceeding' in continuance of and ancillary to the former suit in which the judgment was obtained," State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 239 S.W.2d 332, 334[1, 2]) based upon a writ issued before the expiration of ten years from the date of the original judgment.

■ Consequently, it appears that the established rule obtains that if a writ of scire facias to revive a judgment is issued prior to the expiration of either the 10-year period referred to in Section 511.370 RSMo 1949, V.A.M.S. (providing when a writ of scire facias may issue) or in Section 516.350, supra (the presumption of payment statute), the order of revival *may be made* (in the sense that such action is not proscribed by either statute) after the expiration of the 10-year period. State ex rel. Silverman v. Kirkwood, supra, 239 S.W.2d 335; In re Jackman's Estate, 344 Mo. 49, 124 S.W.2d 1189, 1191; Kennedy v. Boden, Mo.App., 231 S.W.2d 862, 864[1], 865[2]. And see Michael v. Smith, 95 U.S.App.D.C. 186, 221 F.2d 59, 52 A.L.R.2d 667, and annotation, 52 A.L.R. 2d 672.

For purposes of this case, we shall assume, without deciding, that the judgment of April 19, 1939, was a valid judgment reviving the original 1927 judgment.

■ So assuming, we cannot agree fully with defendant's second contention, supra. That is to say, we do not agree that the fact, standing alone, that the original scire facias (issued within ten years of the 1939 judgment) returned with the notation that the defendant could not be found in St. Louis and consequently ineffective, meant that the 1939 judgment thereby expired, irrespective of what further steps may have been promptly taken in furthering the revival effort. In other words, failure in and of itself to serve the original writ did not cause the judgment to expire by limitation. To the contrary, inasmuch as the issuance of the scire facias prior to the expiration of the ten years subsequent to the 1939 judgment, kept that judgment alive for the purpose of entering a judgment of revival after the expiration of the 10-year period, it seems entirely consistent and logical to hold that the 1939 judgment was kept alive also for the purpose of taking further timely and proper steps in an attempt to complete the revival proceedings, including the issuance of an alias writ. Stahle v. Jones, 60 Ga. App. 397, 3 S.E.2d 861, 862[2]. And see Smith v. Carlson, 8 Ill.2d 74, 132 N.E.2d 513, where the factual situation was similar to that in the instant case and wherein the decision of the court assumed, without specifically mentioning it, that an alias scire facias may properly continue the life of a judgment for the purpose of continuing a revival proceeding begun by a scire facias

issued before the expiration of the limitation period. Apparently contra is City of Scranton v. Genet, 232 Pa. 272, 81 A. 335. We have found no Missouri case in point. We have no doubt, however, and we therefore hold, that an otherwise proper alias scire facias is not ineffective to continue revival proceedings (and thus keep alive the judgment) simply and solely because the original writ (for which the alias was substituted), although timely issued, was not served, but that such an alias writ *may be* effective to the same extent and *may* accomplish the same purpose the original writ would have accomplished had the original writ been timely served.

■■ We are of the further opinion, however, that the fact, standing alone and in and of itself, that an alias scire facias has been issued in substitution for an original writ which had issued prior to the expiration of a limitation period, does not mean that the life of a judgment sought to be revived is thereby automatically continued either until the date of the alias writ or for any certain period thereafter. Although statutes of limitations are satisfied when a suit is commenced prior to the running of the statute by filing a petition and having a summons issued thereon, there nevertheless may be such delay and lack of diligence in the issuance of other proper process as to cause a discontinuance of a properly instituted action, and thus a period of limitations which expires in the meantime will be an effective bar to the continuation of the action. Mayne v. Jacob Michel Real Estate Co., 237 Mo.App. 952, 180 S.W.2d 809, 810[1], and note particularly the statement by the court at page 812 summing up the underlying principle of several cases there reviewed, "They all manifest the same unwillingness to permit the period of limitation to be prolonged by the failure of the plaintiff to make diligent use of the means provided by law for obtaining jurisdiction of the defendant." And see Tice v. Milner, Mo., 308 S.W.2d 697, 701.

■ It seems clear enough to us that the same principle is equally applicable where the limitation involved is a conclusive presumption that a judgment is paid after ten years (Section 516.350) or the provision that a plaintiff or his representative may sue out a scire facias to revive a judgment and its lien within ten years and that no scire facias shall issue after the expiration of ten years from the rendition of the judgment (Section 511.370). Under either or both limitation provisions the party seeking to avoid their proscriptions has a duty other than and beyond the taking of a prescribed first step. If he is to continue to avoid the bars of the limitation periods, he must proceed diligently to take all the necessary steps available to him to keep alive a proceeding or process originally properly instituted or issued and thus keep alive the judgment he seeks to revive. Thus, for example, when instant plaintiff on January 11, 1937, caused process to issue one day before the expiration of the January 12, 1927, judgment for the very purpose of avoiding the expiration of the limitation period which otherwise would have wholly destroyed the life and validity of that judgment, it was plaintiff's duty to diligently proceed with the necessary steps to pursue the revival proceedings and thus to keep the 1927 judgment alive until a judgment of revival was entered. We point out, in passing, that it was a year and eight months between the time defendant was served with process on January 14, 1937, until plaintiff's death was suggested on September 22, 1938 and it was not until April 1939, more than two years after the service of process, that the 1927 judgment was revived.

■ The decisive fact in the instant case is that when this court's mandate was filed in the trial court on January 21, 1957 (holding the October 1949 judgment void), no action was taken by plaintiff to continue the effectiveness of the 1939 judgment by pursuing the revival proceedings (which had been instituted by the issuance of a scire facias on April 11, 1949) for more than a year when, on February 6, 1958, plaintiff moved for the issuance of and

obtained the alias writ. It seems clear and we hold that plaintiff's delay for more than a year in applying for the alias writ worked a discontinuance of the existence of the 1939 judgment by limitation under all the circumstances disclosed by this record and that, consequently, the trial court correctly sustained defendant's motion to quash.

We think it is not possible to satisfactorily state even general standards by which it may be determined when and under what circumstances one's lack of diligence to proceed in the issuance of process may amount to a discontinuance of the action or destroy the effectiveness of a pending proceeding. Each situation must depend upon all the circumstances in which the relevant facts appear.

Certainly here, in view of the long delay since 1939, whether any fault for the expiration of the period of delay up to the filing of this court's mandate may be charged to plaintiff, it was incumbent upon plaintiff, under those circumstances, to proceed with all possible dispatch to have issued an alias writ. Clearly, the delay of a year in this case imperatively calls for a finding of lack of diligence sufficient to have effected the expiration of the judgment. It is true that in some instances a delay would amount to sufficient lack of diligence to bar a judgment, only if that delay where unexplained. And, in some circumstances, it might well be that prior to holding that any given period of time amounted to a sufficient showing of lack of diligence, we should give the one causing the delay the opportunity to present an explanation, if any, to the trial court. Here, however, no explanation could be effective to explain away the noted delay because it is apparent that there was nothing to have prevented an application for and the issuance of an alias scire facias immediately upon the filing of the mandate in the case which held that the purported 1949 revival judgment was void.

▇ Plaintiff contends and apparently proceeded in accord therewith that inasmuch as the bar of the statute of limitations (10 years) has not "been permitted to elapse between the suing out of said writ of scire facias on April 11, 1949, and the suing out of this alias writ of scire facias," the application was timely, and the judgment, if alive when the writ of scire facias was issued on April 11, 1949, remained alive at the time of the issuance of the alias writ on February 6, 1958. As we understand, plaintiff contends that if, as in this case, the 1927 judgment revived in 1939 was kept alive because the writ of scire facias was issued within ten years subsequent to April 19, 1939, viz., April 11, 1949, then unless a period equal to the total period of the statute of limitations in question, ten years in this case, had elapsed subsequent to April 11, 1949, the judgment remained alive and could not have become discontinued or ineffective and barred by limitations until April 12, 1959, i. e., ten years subsequent to April 11, 1949.

We refuse to adopt or follow any such rule of thumb. To support her contention, plaintiff cites Mayne v. Jacob Michel Real Estate Co., supra, from which we have heretofore quoted. It is true that the court in that case quoted from a Kentucky case at 180 S.W.2d 812 as follows: "In Clark v. Kellar, supra [3 Bush.Ky., 223], the court said: 'To prevent the statute of limitations from running, a suit must be brought and prosecuted in good faith; and, if the time constituting the bar is permitted to elapse between the suing out of one process until another, the mere bringing the suit will not prevent the statute from running, and is no legal reason why the bar should be disallowed.'" (Bracketed insert ours.)

Even if the foregoing quotation is properly construed to mean that a statute of limitations *will not run unless* a period equal to the period provided in the limitation statute has elapsed between the time of issuing one process until the time another is issued, it is clear that the Mayne case did not adopt any such construction or rule but on the contrary held, as heretofore noted, that a period of limitation can-

not be prolonged by the failure of a plaintiff to make diligent use of the means provided by law to obtain jurisdiction of the defendant. 180 S.W.2d 812. Plaintiff also relies on Bennett v. Metropolis Pub. Co., Mo.App., 148 S.W.2d 109, a quotation from which is contained in Mayne v. Jacob Michel Real Estate Co., supra. That the Bennett case does not support plaintiff's contention but, on the contrary, is authority for our instant conclusion is demonstrated by the court's language at 148 S.W.2d 111 [5]: "In the present case, according to the records of the trial court, of which the court had judicial knowledge when he came to pass upon the demurrer, the plaintiff, after the filing of the petition and the issuance of the writ of summons, on July 15, 1931, permitted two years and more to elapse before asking for an alias writ of summons or a writ of attachment, and then permitted five years more to elapse before asking for any further writ. In other words, there were two intervals of dormancy between the issuance of writs, one of two years and more and another of five years. If the interval of two years was not sufficient to interrupt the continuity of the action, surely the interval of five years was. [Each period of "dormancy" was in excess of the 2-year limitation period.] To hold that a plaintiff in an action against a nonresident may in such fashion prolong a two-year period of limitation to a period of nine years would be to put it in the power of any plaintiff in such an action to practically abrogate the statute." (Bracketed insert ours.)

It follows that the judgment should be affirmed.

█ In our prior case of Driscoll v. Konze, supra, we held, as heretofore noted, that the purported judgment of revival of October 29, 1949, was void because the publication was not based on a necessary prerequisite finding that defendant could not be found anywhere within this state. That opinion, although the question was not raised or considered, may have indicated by implication that if the publication made in that case had been based on the finding noted, good service by publication would have been had and the ensuing judgment based on such service would have been valid. Such a natural conclusion may be misleading, however, when another matter is taken into account. Section 516.350, supra, provides that a judgment shall be presumed paid after the expiration of ten years unless it "has been revived upon *personal service* duly had upon the defendant or defendants therein * * *." It may be argued that State ex rel. Silverman v. Kirkwood, supra, intended to hold that service by publication under Sections 511.410 and 511.420 of a scire facias constituted "personal service" on the defendant within the meaning of Section 516.350, inasmuch as the court en banc said in the Silverman case at 239 S.W.2d 337: "As to the service by publication we conclude and rule that our statutes authorized such service of a scire facias writ, and such service of itself invested the court of original judgment with jurisdiction of the person of Joseph Silverman [who at the time of service by publication was a resident of New Jersey] in the proceedings to revive the instant 1936 judgment." (Bracketed insert present writer's.) However, inasmuch as the court proceeded to point out that Silverman, the judgment debtor in that case, was also *personally* served with the writ of scire facias in New Jersey on a given date and inasmuch as that service was also authorized by our statutes and such service "invested the court of original judgment with jurisdiction of the person of Joseph Silverman in the proceedings to revive the instant 1936 judgment," and inasmuch as Section 516.350 was not mentioned in the opinion, it may be more reasonable to conclude that State ex rel. Silverman v. Kirkwood did not hold that service by publication was "personal service" within the meaning of Section 516.350. If that is an accurate conclusion, then we point out that even though service of a scire facias by publication is authorized as held in the Silverman case, supra, a judgment must, nevertheless, be revived upon *personal*

*service,* whether the defendant is a resident or nonresident of this state, if the bar of the presumption of payment statute, Section 516.350, is to be avoided.

Desirable as it is to have an effective procedure for reviving a judgment against a judgment debtor whose whereabouts are unknown and who, therefore, may not be personally served, the language of Section 516.350 seems unmistakably plain in providing for revival only upon personal service. Whether Section 516.350 should be harmonized and made consistent with other statutory provisions authorizing revival of judgments on the service of scire facias by publication (e. g., by substituting for "upon personal service" the words "upon such service as may be authorized by law") is a matter for the legislature.

The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.