Randall E. LAMMERS, Appellant,

v.

Margaret S. LAMMERS, Respondent.

No. WD 48727.

Missouri Court of Appeals,
Western District.

Oct. 4, 1994.

Peter Michael Schloss, Kansas City, for appellant.

David Lee Wells, North Kansas City, for respondent.

Before HANNA, P.J., and BRECKENRIDGE and ELLIS, JJ.

BRECKENRIDGE, Judge.

Randall E. Lammers appeals the trial court's order reviving a judgment for alimony in gross, attorneys' fees and costs, which had been entered against him and in favor of his former wife, Margaret Lammers, in their underlying divorce decree.

Randall raises two points on appeal. First, he contends that the trial court erred in entering its current order of revival because the judgment had expired by operation of law. Second, Randall asserts the trial court improperly calculated interest owed on the judgment. The judgment is affirmed in part, reversed in part and modified, pursuant to Rule 84.14.

On June 19, 1973, Randall Lammers and his former wife, Margaret Lammers, were legally divorced. The divorce decree ordered Randall to pay Margaret $2,000 alimony in gross and $200 in attorneys' fees. Nearly ten years later, on June 16, 1983, Margaret filed an Application for Scire Facias to Revive Judgment, stating that the judgment of June 19, 1973 had not been satisfied and that it was now owing in the amount of $3,819.49, including interest. At the time she filed her application, Margaret filed an affidavit stating that Randall did not reside in the state of Missouri and his whereabouts were unknown.

A Writ of Scire Facias to Revive Lien of Judgment was issued by the Clerk of the Court on June 16, 1983 and was mailed for service in Clay County, where Randall was last known to reside. The Clay County Sheriff received the writ three days later and proceeded to serve same. On June 28, 1983, the Sheriff made a return of service on the executed writ to the Circuit Clerk which indicated that Margaret, rather than Randall, had been served. Due to this error, the writ was directed back to the Sheriff. On July 7, 1983, the Circuit Clerk received a second return on the writ, this time showing service non est on Randall.

When the writ showing service non est was returned, the Circuit Clerk issued an Order of Publication of Notice to a county newspaper. Publication occurred for four consecu-

tive weeks in the newspaper. On September 16, 1983, when the case was called, Randall failed to appear, and the court issued an Order Reviving Judgment. The order recognized service by publication and revived the original judgment of $2,000 alimony in gross and $200 in attorneys' fees, adding $1,481.49 interest and $183 court costs. The court awarded 6% simple interest on the amount owed from June 19, 1973 to September 29, 1979, but charged 9% interest after September 29, 1979, pursuant to § 408.040, RSMo 1986.[1]

On September 15, 1993, Margaret again filed a Motion for Revival of Judgment, claiming that Randall had failed to satisfy the revived judgment of 1983, and that he now owed her a total of $9,087.69, including interest. On September 16, 1994, the Circuit Clerk sent the Clay County Sheriff an order requiring Randall to appear and show cause why the judgment should not be revived. The Sheriff returned the order, indicating personal service on Randall. On October 22, 1993, after a hearing, the court entered its Order Reviving Judgment in the total amount of $9,227.01, with future interest at 9% per annum. Randall appeals the order.

## I.

In his first point on appeal, Randall argues that the trial court erred in entering its 1993 revival order, because the 1973 judgment for alimony in gross, attorneys' fees and costs had expired by operation of law. He claims that the judgment was not properly revived within ten years of its original date, since Randall was not personally served by June 19, 1983.

Randall relies upon § 516.350, RSMo 1986,[2] which regulates the presumption of payment of judgments:

Every judgment ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been

revived *upon personal service duly had upon the defendant* ..., then after ten years from and after such revival, ... and after the expiration of ten years from the date of the original rendition or revival upon personal service, ... such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon, for any purpose whatever.

(emphasis added). Pursuant to this statute, Randall claims that "personal service [must be] duly had" in order to revive a judgment. Since Randall was only served by publication in 1983, he argues that the revival was ineffective. It is crucial to determine, therefore, whether the judgment awarding alimony in gross and attorneys' fees pursuant to the couple's divorce decree was properly revived in 1983, or whether a lack of personal service rendered it invalid.

In *Driscoll v. Konze,* 322 S.W.2d 824, 830–31 (Mo.1959), *cert. denied,* 360 U.S. 931, 79 S.Ct. 1450, 3 L.Ed.2d 1545 (1959), the Supreme Court interpreted the personal service requirement of § 516.350, although in dictum. The court stated that "a judgment must ... be revived upon **personal service,** whether the defendant is a resident or non-resident of this state, if the bar of the presumption of the payment statute ... is to be avoided." *Id.* The court's opinion alludes to the inconsistency between § 516.350 and other provisions allowing for service of scire facias by publication, presumably § 511.410, but leaves the resolution of the conflict to the legislature. *Id.* at 831.

On its face, this ruling would seem dispositive of the issue in the case at bar. However, the validity of an attempt to revive judgment is governed by the requirements of the rules in effect at the time of the original scire facias proceeding. *See Strunk v. Commercial Plastics Co., Inc.,* 800 S.W.2d 779 (Mo.App.1990). In 1983, the year of Marga-

---

1. Section 408.040 was modified to change the interest rate from 6% to 9%, effective September 28, 1979. Although the trial court mistakenly utilized the 6% interest rate until September 29, 1979, we have remedied that problem in Point II of this opinion.

Section 408.040 was again amended in 1987, but the new additions to the statute do not affect the rate of interest.

2. All statutory citations are to Revised Missouri Statutes 1986, unless otherwise indicated.

ret's initial scire facias action, Missouri Supreme Court Rules 74.40, 74.41 and 74.42 were in force.[3] These rules allowed for proper revival through service by publication, provided the defendant could not be found within the state for personal service.

For example, Former Rule 74.40 reads[4]: "If the defendant cannot be found, the court may make an order setting forth briefly the nature of the case, and requiring all persons interested to appear and show cause, if any, why such judgment or decree should not be revived and the lien continued." Former Rule 74.41, titled "Order, How and Where Published," then explains, in pertinent part: "The practice and procedure in [revival of judgment] proceedings ... shall be in all respects the same as provided for in these rules in ordinary civil actions." And finally, Former Rule 74.42 states: "If upon the service of the *scire facias* or publication as aforesaid, the defendant ... [does] not appear and show cause against reviving the judgment or decree, the same shall be revived...."

These former rules are in conflict with § 516.350 and the Supreme Court's construction of that statute in *Driscoll.* Thus, the primary issue before this court is whether the court rules in effect or the applicable statute and its judicial interpretation govern this decision.

Supreme Court Rule 41.02, effective September 1, 1972, resolves the question. As it explains, "Rules 41 to 101, inclusive, are promulgated pursuant to authority granted this Court by Section 5 of Article V of the Constitution of Missouri and supersede all statutes and existing court rules inconsistent therewith." The Missouri Supreme Court's strict interpretation of the § 516.350 personal service requirement was issued in *Driscoll* on March 9, 1959. *Driscoll,* 322 S.W.2d at 830–31. Thereafter, Former Rules 74.40, 74.41 and 74.42 were made effective by the Supreme Court on April 1, 1960.

■ Where a procedural rule adopted by the Supreme Court is "inconsistent with a statute and has not been annulled or amended by later enactment of the legislature, the rule supersedes that statute." *State ex rel. Peabody Coal Co. v. Powell,* 574 S.W.2d 423, 426 (Mo. banc 1978). Although the legislature reenacted § 516.350 in 1982, it did not annul or amend Former Rules 74.40 to 74.42, because the reenacted statute did not specifically refer to the rules, nor was it limited in purpose to the annulling or amending of the rules. Therefore, under Rule 41.02, the rules allowing for service by publication supersede the requirement of personal service in § 516.350 and *Driscoll. See State ex rel. Newton v. Conklin,* 767 S.W.2d 112, 118 (Mo. App.1989); *State ex rel. Helms v. Moore,* 694 S.W.2d 502, 504 (Mo.App.1985).

■ Accordingly, Margaret effectively revived the judgment in 1983 if she complied with the procedural rules in effect at that time, namely Former Rules 74.40 to 74.42. We find that she did so.

■ Former Rule 74.40 allows one to publish notice of scire facias proceedings if the defendant cannot be found. An affidavit serves as appropriate evidence that the defendant's location is unknown. *Driscoll v. Konze,* 296 S.W.2d 31, 34 (Mo.1956).[5] Since Margaret filed an affidavit on June 16, 1983 stating that Randall's whereabouts were unknown to her, the return of service on Randall was non est, and publication followed, she properly complied with the rule.[6]

---

**3.** Scire facias proceedings to revive judgments were governed by Rules 74.34 through 74.42 from April 30, 1960 until January 1, 1988, when such rules were superseded by present Rules 74.08, 74.09 and 74.10. *Strunk,* 800 S.W.2d at 781. Current Rule 74.09(b) provides for service pursuant to Rule 54.

**4.** When used in this opinion, the term "Former Rule" refers to those rules in effect in 1983.

**5.** This case should not be confused with *Driscoll v. Konze,* 322 S.W.2d 824, a later case also discussed in this opinion.

**6.** Randall contends in his statement of facts that "the docket entries and filings confirm that the one summons issued pursuant to Wife's Request for Writ of Scire Facies was actually served on Wife and no effort was undertaken to obtain personal service upon Husband." The second return of service filed by Deputy Phillip C. Edwards on July 7, 1983, states, "I hereby certify that I served the within Writ in Clay County Mo. the 22nd day of June, 1983, by searching diligently for and failed to find the wihtin (sic) named Randall Lammers in Clay County, MO. nonest (sic)—Not known at above address." The

In addition, Margaret correctly complied with Former Rule 74.41. That rule requires that procedures used in scire facias proceedings be the same as those used in ordinary civil actions. Because Former Rule 54.17 governed service by publication in ordinary civil actions in 1983, we will discuss Margaret's compliance with Former Rule 74.41 by means of Former Rule 54.17.

An Order of Publication of Notice was issued by the clerk on July 18, 1983, pursuant to Former Rule 54.17(a); this order was premised on the non est return of service and the affidavit of Margaret, stating Randall's whereabouts were unknown, as provided for in Former Rule 54.17(b); the order met the requirements of Former Rule 54.17(c); the Notice was published in the *Landmark,* a newspaper of general circulation published in the county where the action was commenced, for the required four consecutive weeks according to Former Rule 54.17(d); and the Order of Publication of Notice was mailed to Randall at his last known address within ten days after the order was issued as per Former Rule 54.-17(e). Hence, all the conditions to Former Rule 54.17 have been met.

Finally, Former Rule 74.42 stipulated that if, upon the publication of the scire facias, the defendant did not appear and show cause against reviving the judgment, it would be revived. Randall failed to appear and the trial court revived the judgment. Therefore, the specifications of Former Rule 74.42 have been met as well.

Since Margaret complied with all the requirements of Former Rules 54.17, 74.40, 74.41, and 74.42, this court finds that the trial court correctly served notice on Randall by publication. Thus, there was an effective revival of the original 1973 judgment in the 1983 scire facias proceeding, and the trial court has jurisdiction in the 1993 action. Point I is denied.

second return of service clearly indicates that service on Randall was attempted. "To refute a sheriff's return, clear and convincing evidence must be presented to overcome the presumption that the return is regular." *Kammer v. Cohen Appliance & T.V. Center,* 767 S.W.2d 574, 576

## II.

■ Randall claims in his second point on appeal that the trial court erred in computing accrued interest of $7,044.01 on the unsatisfied judgment. Both parties agree that there was error in the calculation, but there is a slight discrepancy between their respective figures. This court finds that the trial court's interest computation was indeed erroneous.

■ It is clear that the only possible way the trial court could have arrived at the figure of $7,044.01 for interest on this judgment is by compounding the interest. " 'Compound interest is interest upon interest; where accrued interest is added to the principal sum and the whole treated as a new principal for the calculation of interest for the next period.' " *Wallemann v. Wallemann,* 817 S.W.2d 548, 549 (Mo.App.1991) (quoting *Vaughn v. Graham,* 234 Mo.App. 781, 789, 121 S.W.2d 222, 226 (1938)). Compound interest is not available on judgments in Missouri, with two exceptions. *Id.* at 549. First, trial courts, sitting as courts of equity, may assess compound interest when justice requires it to serve the cause of equity. *Knopke v. Knopke,* 837 S.W.2d 907 (Mo.App. 1992); *Palmer v. Palmer,* 805 S.W.2d 326, 328 (Mo.App.1991). Second, compound interest is allowed if the parties consent to it in the contract or agreement in question. *American Bank v. Wegener,* 776 S.W.2d 922, 924 (Mo.App.1989); *Love Real Estate v. Lincoln Am. Land Ltd.,* 751 S.W.2d 759, 763 (Mo.App.1988). Neither of these exceptions is present in the case at bar, however. Thus, the grant of compound interest on the 1973 judgment is erroneous.

This court can correct the trial court's erroneous calculation of interest on appeal. *See* Rule 84.14. *Hautly Cheese Co. v. Wine Brokers, Inc.,* 706 S.W.2d 920, 923 (Mo.App. 1986). In June of 1973, when Margaret obtained her original judgment, § 408.040 provided that interest on judgments would be at 6% per year. Effective September 28, 1979,

(Mo.App.1988). Randall did not present clear and convincing evidence to dispute the assumption that the facts recited in the return were accurate and true. *See Howell v. Autobody Color Co., Inc.,* 710 S.W.2d 902, 905 (Mo.App.1986).

the legislature changed the requirements of § 408.040 by making interest on unsatisfied judgments calculable at 9% per year. Therefore, Margaret is entitled to 6% simple interest for the period of June 19, 1973 to September 27, 1979 and 9% simple interest for the period of September 28, 1979 to November 19, 1993. The calculation is as follows:

| | | | | | |
|---|---|---|---|---|---|
| 6/19/73–6/19/79 | 6% | 132.00/year | 6 years | = | 792.00 |
| 6/20/79–9/27/79 | 6% | 11.00/month | 3 months | = | 33.00 |
| | | .37/day | 8 days | = | 2.96 |
| 9/28/79–11/18/79 | 9% | 16.50/month | 1 month | = | 16.50 |
| | | .55/day | 21 days | = | 11.55 |
| 11/19/79–11/19/93 | 9% | 198.00/year | 14 years | = | 2772.00 |
| | | | Total | = | 3628.01 |

Thus, the total interest amount on the judgment is $3,628.01. When added to the original judgment of $2,200 and court costs of $183, the aggregate amount due Margaret is $6,011.01. Point II is sustained.

Pursuant to Rule 84.14, appellate courts may directly enter the decree that a trial court should have entered, with no necessity for remand. *State, Div. of Family Services v. A.J.*, 872 S.W.2d 594, 598 (Mo.App.1994). This court accordingly reverses the judgment and enters an order reviving the original judgment of $2,200, along with interest of $3,628.01 and costs of $183, for a total judgment of $6,011.01 in favor of Margaret.

All concur.