Gregory BREEDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55579.

Missouri Court of Appeals, Western District.

Submitted Oct. 9, 1998.

Decided Jan. 26, 1999.

Rosemary E. Percival, Public Defender Office, Kansas City, for appellant.

John M. Morris, Attorney General Office, Jeffferson City, for respondent.

Before ULRICH, P.J.; SMART and EDWIN H. SMITH, JJ.

SMART, Judge.

Gregory Breeden appeals the dismissal of his motion for postconviction relief under § 547.360, RSMo Supp.1997, without an evidentiary hearing. Breeden claims that the trial court erred in dismissing his § 547.360 motion in violation of his right to due process of law under the United States and Missouri Constitutions.

Judgment is affirmed.

### Factual Background

On May 11, 1995, Gregory Breeden pleaded guilty to two counts of passing a bad check, a class D felony, § 570.120, RSMo 1994, in the Circuit Court of Clay County, Missouri. After denying Breeden's motion to withdraw his guilty plea, the court sentenced him to five years imprisonment on each count, to run consecutively.

Breeden filed a timely motion for postconviction relief under Rule 24.035. The motion was denied without an evidentiary hearing, and Breeden appealed. This court affirmed the denial of Breeden's 24.035 motion on May 11, 1997. *Breeden v. State*, 944 S.W.2d 224 (Mo.App.1997).

On December 11, 1997, Breeden filed a motion for postconviction relief pursuant to § 547.360, RSMo Supp.1997.[1] Section 547.360 is virtually identical to Rules 24.035

and 29.15, which provide other avenues for postconviction relief. In his motion under § 547.360, Breeden alleged that he had been denied his rights to due process and effective assistance of counsel with regard to his guilty plea. On February 9, 1998, the motion court dismissed Breeden's § 547.360 motion, ruling the motion was not timely filed under Rule 24.035 or § 547.360. Further, the court ruled that Breeden's § 547.360 motion was a successive motion under Rule 24.035 because Breeden had already brought a Rule 24.035 motion. The court concluded that Breeden was precluded from bringing another such motion under § 547.360. Breeden appeals. Rule 24.035 and Section 547.360

Breeden contends that the motion court erred in denying his postconviction motion filed under § 547.360 on the ground that such a motion was prohibited as a successive filing to Breeden's previously adjudicated Rule 24.035 motion. Breeden further contends that § 547.360 creates a separate and distinct avenue of postconviction relief from Rule 24.035. Breeden claims that the denial of his § 547.360 motion violated his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 5, § 5 of the Missouri Constitution.

Our review of the motion court's denial of Breeden's § 547.360 motion is not *de novo*. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Rather, our review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995); *Pelton v. State*, 831 S.W.2d 651, 653 (Mo.App. 1992). The motion court's findings and conclusions are deemed clearly erroneous when after reviewing the entire record, we are left with the definite and firm impression that the motion court has made a mistake. *Wilson*, 813 S.W.2d at 835.

The Missouri Constitution empowers the state supreme court to "establish rules relating to practice, procedure and pleading for

---

1. Breeden also incorporated Rules 91.06 and 29.07 into his second motion for postconviction relief. These claims were also denied by the motion court; however, Breeden does not challenge their denial on appeal.

all courts ... which shall have the force and effect of law." Mo. CONST. art. 5, § 5. The supreme court's power to make procedural rules is not exclusive, however. The legislature may amend or annul any rule, in whole or in part, "*by a law limited to the purpose.*" *Id.* (emphasis added); *see also State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d 69, 74 (Mo. banc 1982).

Procedural rules promulgated by the supreme court supersede inconsistent statutes *unless* there has been a statute enacted which annuls or amends the rule. *State ex rel. Ferguson v. Corrigan,* 959 S.W.2d 113, 115 (Mo. banc 1997); *see also State ex rel. Peabody Coal Co. v. Powell,* 574 S.W.2d 423, 426 (Mo. banc 1978). In order to supersede a procedural rule, the statute must specifically refer to the rule it is superseding. *State ex rel. K.C. v. Gant,* 661 S.W.2d 483, 485 (Mo. banc 1983); *Lammers v. Lammers,* 884 S.W.2d 389, 392 (Mo.App.1994).

The most recent amendment to Rule 24.035 became effective July 1, 1997. Rule 24.035. Rule 24.035 provides a procedural remedy for those who believe that their "conviction or sentence imposed violates the constitution and laws of [Missouri] or the constitution of the United States...." Rule 24.035(a). Further, the Missouri Supreme Court provides that "Rule 24.035 provides the *exclusive* procedure by which such person may seek relief in the sentencing court for the claims enumerated." *Id.* (Emphasis added).

Section 547.360 became effective August 28, 1997. § 547.360, RSMo Supp.1997. There is no language in § 547.360 directly or indirectly annulling or amending Rule 24.035. Nor is § 547.360 limited to the purpose of amending or annulling Rule 24.035. In fact, § 547.360 makes no direct mention of Rule 24.035 at all.

The language of § 547.360 is virtually identical to the language of Rule 24.035. Like Rule 24.035 and Rule 29.15, § 547.360 provides a remedy for those who believe their "conviction or sentence imposed violates the constitution and laws of [Missouri] or the constitution of the United States...." § 547.360.1, RSMo Supp.1997. Also like Rules 24.035 and 29.15, § 547.360 states that it is the "*exclusive* procedure by which such person may seek relief in the sentencing court for the claims enumerated." *Id.* (Emphasis added). "Because [§] 547.360 simply codifie[s] the language of Rule [24.035], without any substantive variations, no conflict exists between the rule and statute by the use of the word 'exclusive' in both." *Schleeper v. State,* 982 S.W.2d 252, 254 (Mo. banc 1998).[2] Section 547.360 was not intended, and does not, create an avenue for post-conviction relief separate from Rule 24.035. *Id.*

Breeden filed a timely motion for postconviction relief under Rule 24.035. That motion was denied on May 21, 1996. This court affirmed the motion court's denial of Breeden's 24.035 motion on March 11.1997. *Breeden,* 944 S.W.2d at 224. As § 547.360 does not create a separate avenue for post-conviction relief, and Breeden was afforded an opportunity for postconviction relief under Rule 24.035, the trial court did not err in dismissing his motion for postconviction relief under § 547.360. Point I is denied.

Breeden's second point on appeal is that the trial court erred in dismissing his § 547.360 motion for postconviction relief on the ground that it was not timely filed. Because we have determined that § 547.360 does not provide an avenue of relief separate from Rule 24.035, Breeden's second point on appeal is moot. Point II is denied.

The judgment of the trial court is affirmed.

ULRICH and EDWIN H. SMITH, JJ., concur.

---

**2.** *Schleeper* addressed the relationship between § 547.360 and Rule 29.15. However, given the similarities between Rule 29.15 and Rule 24.035, we apply the rationale employed by the Supreme Court to the case at hand.