In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

UNIFUND CCR PARTNERS, ) No. ED109524
 )
 Respondent, ) Appeal from the Circuit Court
 ) of St. Louis County
v. ) 2107AC-13029-01
 )
GILES COBBINS, ) Honorable Virginia W. Lay
 )
 Appellant. ) FILED: October 5, 2021

 Giles Cobbins appeals the circuit court’s denial of his motion to quash service of process

and to set aside the revival of a monetary judgment against him and in favor of Unifund CCR

Partners (“Unifund”). We conclude the circuit court erred in denying Cobbins’s motion because

service of process of Unifund’s motion to revive the judgment was ineffective in that Cobbins was

not personally served. The judgment is reversed, and the case is remanded.

 Factual and Procedural Background

 The underlying case arose from a breach of contract action filed by Unifund, as assignee

of Palisades Collection, LLC, to recover the outstanding balance on Cobbins’s credit card. On

September 18, 2007, the circuit court entered a default judgment in favor of Unifund and against

Cobbins for $4,690.78 plus interest from the date of the judgment.
 Almost 10 years later, on September 6, 2017, Unifund filed a Rule 74.091 motion to revive

the judgment against Cobbins. Unifund requested appointment of a special process server to serve

Cobbins at 7417 Liberty Avenue in St. Louis, Missouri, and the circuit court issued an order to

show cause. A person named Giles Cobbins was served at that address and appeared at the show-

cause hearing, but the circuit court quashed service because it determined he was a different Giles

Cobbins than the defendant in the original action.

 On February 2, 2018, Unifund requested an order of publication, informing the circuit court

that personal service could not be obtained on Cobbins, that he could not be found and that his last

known address was 7417 Liberty Avenue. On March 27, 2018, the circuit court issued a notice

upon order for service by publication. On July 3, 2018, Unifund filed its affidavit of publication,

which indicated the notice had been published in a newspaper.

 Unifund gave notice that it would argue its motion to revive on August 27, 2018 and mailed

a copy of the notice to 7417 Liberty Avenue. Cobbins did not appear on that date, and the circuit

court entered an order reviving the September 2007 judgment. In October 2020, Unifund

garnished Cobbins’s bank account, seeking a total of $19,829.21.

 The following month, Cobbins filed a motion to quash service and to set aside the revived

judgment, contending the 2007 judgment should be presumed paid and satisfied because 10 years

had elapsed since its entry and the judgment had not been revived through personal service on him

as required by section 516.350.2 In an affidavit attached to the motion, Cobbins averred he had

never been served with or otherwise received Unifund’s motion to revive the judgment and that he

1
 All rule references are to the Missouri Supreme Court Rules (2017), unless otherwise indicated.
2
 All statutory references are to the Revised Statutes of Missouri (2016), unless otherwise indicated.

 2
did not have knowledge of it until his bank account was garnished. After a hearing, the circuit

court denied Cobbins’s motion. This appeal follows.3

 Standard of Review

 The sole issue presented in this appeal is whether the circuit court properly applied the law

governing motions to revive judgments. This is a purely legal issue that we review de novo.

Capitol Fin. Grp., LLC v. Bray, 603 S.W.3d 700, 702 (Mo. App. E.D. 2020).

 Discussion

 In his first point on appeal, Cobbins argues the circuit court erred in denying his motion to

quash service and to set aside the judgment of revival “because service by publication was

improper.” In his second point, Cobbins contends the circuit court also erred in denying his motion

because Unifund filed its motion for revival in the wrong sub-case number. We conclude

Cobbins’s first point has merit and, because that point is dispositive, we do not address his second

point.

 The procedures for reviving a judgment are set forth in Rule 74.09, which provides:

 (a) When and by Whom. A judgment may be revived by order of the court that
 entered it pursuant to a motion for revival filed by a judgment creditor within ten
 years after entry of the judgment or the last prior revival of the judgment.

 (b) Order to Show Cause. Upon the filing of a motion of revival of a judgment, an
 order shall issue to the judgment debtor to show cause on a day certain why such
 judgment should not be revived. The order to show cause shall be served pursuant
 to Rule 54 on the judgment debtor, his successors in interest, or his legal
 representatives.

 (c) Judgment of Revival. If the judgment debtor, his successors in interest, or legal
 representatives fail to appear and show cause why the judgment should not be
 revived, the court shall enter an order reviving the judgment.

3
 A circuit court’s order regarding the revival of a judgment is appealable as a “special order after final judgment in
the cause” pursuant to section 512.020(5). Unifund CCR Partners v. Abright, 566 S.W.3d 594, 594 n.2 (Mo. banc
2019).

 3
Rule 74.09(a)-(c); see also Bray, 603 S.W.3d at 702.

 Rule 74.09’s procedures for the revival of a judgment and lien are similar to older

proceedings on an application for a writ of scire facias, which is outlined in sections 511.370 to

511.430. See Hanks v. Rees, 943 S.W.2d 1, 3-4 (Mo. App. S.D. 1997); Meyer v. Ragar, 935

S.W.2d 97, 99 n.2 (Mo. App. W.D. 1996). Those sections provide that an individual “may, at any

time within ten years, sue out a scire facias to revive a judgment and lien; but after the expiration

of ten years from the rendition of the judgment, no scire facias shall issue.” Section 511.370.

 The presumption of payment statute, section 516.350, echoes the 10-year limitation period

for revivals of judgments. That section provides, in relevant part:

 Every judgment, order or decree of any court or record . . . shall be presumed to be
 paid and satisfied after the expiration of ten years from the date of the original
 rendition thereof, or if the same has been revived upon personal service duly had
 upon the defendant or defendants therein, then after ten years from and after such
 revival, or in case a payment has been made on such judgment, order or decree, and
 duly entered upon the record thereof, after the expiration of ten years from the last
 payment so made, and after the expiration of ten years from the date of the original
 rendition or revival upon personal service, or from the date of the last payment,
 such judgment shall be conclusively presumed to be paid, and no execution, order
 or process shall issue thereon, nor shall any suit be brought, had or maintained
 thereon for any purpose whatever.

Section 516.350.1.

 In other words, judgments are presumed paid and satisfied 10 years after entry of the

judgment unless a payment on the judgment has been entered upon the record or the judgment is

revived. In clear terms, the presumption of payment and satisfaction applies unless a judgment

“has been revived upon personal service duly had upon the defendant or defendants therein.” Id.

The only exception to this personal service requirement—an exception that does not apply here—

pertains to “[a]ny judgment, order, or decree awarding unpaid rent,” which “may be revived upon

publication consistent with the publication requirements of section 506.160 and need not be

personally served on the defendant.” Section 516.350.5. Given this specific reference to revival
 4
of judgments upon personal service, section 516.350 is inconsistent with sections 511.410 through

511.430, which allow for service by publication of a scire facias if the defendant “cannot be

found.” Section 511.410.

 The Supreme Court of Missouri construed these sections in Driscoll v. Konze (“Driscoll

I”), 296 S.W.2d 31 (Mo. 1956) and Driscoll v. Konze (“Driscoll II”), 322 S.W.2d 824 (Mo. 1959).

In Driscoll I, the court held that, under sections 511.400 to 511.410, a defendant must be personally

served with the scire facias if the defendant can be found in the state and that service by publication

is authorized only if the defendant “is a nonresident or for any other reason cannot be found, for

purposes of service, in this state.” 296 S.W.2d at 34.

 Three years later, in Driscoll II, the court acknowledged the Driscoll I opinion “may have

indicated by implication that if the publication made in that case had been based on the finding

noted, good service by publication would have been had and the ensuing judgment based on such

service would have been valid.” 322 S.W.2d at 830. The Driscoll II court clarified that such a

conclusion would be “misleading” in light of the express requirement of personal service set forth

in section 516.350, RSMo (1949). Id. at 830-31. The court explained that “even though service

of a scire facias by publication is authorized . . . a judgment must, nevertheless, be revived upon

personal service . . . if the bar of the presumption of payment statute, Section 516.350, is to be

avoided.” Id. The court continued:

 Desirable as it is to have an effective procedure for reviving a judgment against
 a judgment debtor whose whereabouts are unknown and who, therefore, may
 not be personally served, the language of Section 516.350 seems unmistakably
 plain in providing for revival only upon personal service. Whether Section
 516.350 should be harmonized and made consistent with other statutory
 provisions authorizing revival of judgments on the service of scire facias by
 publication (e.g., by substituting for “upon personal service” the words “upon
 such service as may be authorized by law”) is a matter for the legislature.

Id. at 831 (emphasis added).

 5
 Unifund primarily relies on Lammers v. Lammers, 884 S.W.2d 389, 391 (Mo. App. W.D.

1994), where the Western District held a judgment of revival was valid even though the defendant

had only been served by publication. Id. at 391-93. That case, however, is inapposite because it

was based on rules that are no longer in effect. In holding that service by publication was

sufficient, the Lammers court followed former Rules 74.40 to 74.42, which were in effect from

April 30, 1960 to January 1, 1988. Id. at 392 n.3. Those former rules governed revivals of

judgments during the time period at issue in Lammers and expressly allowed service by publication

of motions to revive when the defendant could not be found. Id. at 391-92. Indeed, the Lammers

court acknowledged those former rules were “in conflict with [section] 516.350 and the Supreme

Court’s construction of that statute in Driscoll [II],” but concluded that, “under Rule 41.02, the

rules allowing for service by publication supersede[d] the requirement of personal service in

[section] 516.350 and Driscoll [II].” Id. at 392; see also Rule 41.02 (providing that Rules 41 to

101 “supersede all statutes and existing court rules inconsistent therewith”).

 The implication of Lammers is that in the absence of rules similar to those governing that

case, “[t]he Missouri Supreme Court’s strict interpretation of the [section] 516.350 personal

service requirement” controls. See Lammers, 884 S.W.2d at 392. The former rules on which the

Lammers holding was based were superseded by Rules 74.08, 74.09 and 74.10 (effective January

1, 1988), which govern the case before us. Id. at 392 n.3; see also Strunk v. Com. Plastics Co.,

800 S.W.2d 779, 781 (Mo. App. S.D. 1990).

 Rule 74.09(b) provides that the order to show cause why the judgment should not be

revived must be served on a judgment debtor pursuant to Rule 54, which sets forth the requirements

for service of process in numerous types of actions. Rule 54.12(c) is the only sub-part of Rule 54

that allows for service by publication. Rule 54.12 is titled “Service – In Rem or Quasi In Rem

 6
Civil Actions,” and applies only to “civil actions affecting a fund, will, trust, estate, specific

property, or any interest therein, or any res or status within the jurisdiction of the court.” Rule

54.12(a). Although a proceeding to revive a personal money judgment is not itself a proceeding

in personam and is merely a continuation of the previous action, see State ex rel. Silverman v.

Kirkwood, 239 S.W.2d 332, 335 (Mo. 1951), neither is such a revival proceeding an action

“affecting a fund, will, trust, estate, specific property, or any interest therein, or any res or status

within the jurisdiction of the court” that is covered by Rule 54.12. Therefore, Unifund could not

effectuate service by publication pursuant to that rule.

 Like the former Rules 74.40 and 74.41 governing proceedings to revive judgments, Rule

74.09 could have been drafted to expressly provide for service by publication. But it was not

drafted that way and instead directs a judgment creditor to effectuate service of process as set forth

in Rule 54, which only allows for service by publication in limited circumstances that are not

present in this case. Similarly, the presumption of payment statute requires revival only upon

personal service except in the limited circumstance of unpaid rent awards. See section 516.350.

Rule 74.09 is therefore not inconsistent with section 516.350 and the two provisions should be

read together.

 Unifund argues this Court recently “acknowledged the validity of service by publication

with respect to revivals of judgments” in Bray. Unifund specifically relies on one passage in Bray

in which this Court noted that “[t]he only available defenses to revival of a judgment are those

concerning ‘whether the judgment creditor initiated the proceeding within the prescribed time of

ten years; whether service, either personal or by publication, was obtained on the judgment debtor;

whether the judgment existed; and whether the judgment was satisfied.’” 603 S.W.3d at 703

(quoting Elliott v. Cockrell, 943 S.W.2d 328, 330 (Mo. App. E.D. 1997)). Unifund’s reliance on

 7
Bray, however, is misplaced. Bray’s mention of service “either personal or by publication”

referenced the fact that there are circumstances where personal service in a revival proceeding is

necessary and circumstances where service by publication is authorized. See section 516.350 and

Rule 54.12. Contrary to Unifund’s assertion, Bray did not hold that all judgments may be revived

upon service by publication. See Bray, 603 S.W.3d at 701-04.

 The present case involves neither the revival of a judgment awarding unpaid rent nor an

action allowing for publication under Rule 54.12. We are therefore bound by the “unmistakably

plain” language of section 516.350 providing for revival only upon personal service, which is

consistent with Rule 74.09. See Driscoll II, 322 S.W.2d at 831. Because the show cause order to

Cobbins was only served by publication, the circuit court erred in failing to quash service and set

aside the judgment of revival. Point I is granted.

 Conclusion

 For the foregoing reasons, we reverse the judgment of the circuit court denying Cobbins’s

motion to quash service of process and to set aside the judgment of revival. We remand for further

proceedings consistent with this opinion.

 ___________________________________
 MICHAEL E. GARDNER, Presiding Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.

 8