Camp's Creditors and Distributees v. Camp's Administrator.

## CAMP'S CREDITORS AND DISTRIBUTEES v. CAMP'S ADMINISTRATOR.

1. **Charging the Administrator with Interest.** Where an administrator has used the funds of his intestate in his own business, rendering no account thereof, he is properly charged with compound interest thereon at ten per cent.

2. ———. The failure to account raises the presumption of such use of the money.

3 **Inventory.** That an administrator has charged himself in his inventory with an account against himself on the books of his intestate is open to explanation; and whether this charge on the intestate's books at the time of his death represented a subsisting indebtedness of the administrator to him is a question to be determined by the circumstances of the case.[*]

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Thos. T. Gantt* for appellant.

If a trustee retains balances in his hands, which he should invest, or delays to invest for an unreasonable time, or mingles trust money with his own, or uses it in his private business, or deposits it in his own name, or that of his firm, or neglects to settle his account for a long time, or to distribute or pay over money when he ought to do so, he will be liable to pay simple interest at the rate established by law as the legal rate in the absence of special agreement. 1 Perry on Trusts, (2 Ed.) p. 570, § 468, and cases cited.

*Glover & Shepley* for distributees, respondents.

The court properly charged the administrator with interest at ten per cent, with annual rests, upon the amount which it found he was chargeable with as so much cash,

---

[*]These Syllabi are taken from the report of the case in 6 Mo. App. 563.

and which he failed to account for as such.    *Williams, Ad'r, v. Heirs of Pettigrew*, 62 Mo. 460 ; *Barney v. Saunders*, 16 How. 535 ; *Hook v. Payne*, 14 Wall. 252.

*Finkelnburg & Rassieur* for creditors, respondents.

The method of calculation of interest adopted is the only one resting on authority in this State.    *Riney v. Hill*, 14 Mo. 500.

HENRY, J.—This is a controversy which originated in the probate court of St. Louis, between distributees of the estate and the administrator, respecting a certain indebtedness of the administrator to the estate, inventoried as such by him, but which he claimed credit for in his final settlement, alleging that $4,500 he did not owe and never owed, and that, as regards the balance, he was insolvent, and, therefore, entitled to a credit for it.   On an appeal to the circuit court he was successful as to the $4,500 item, and on appeal to the court of appeals the judgment of the circuit court was affirmed and cross-appeals have been taken to this court.   The facts are fully stated in the opinion delivered by the court of appeals, and as we all agree that · the opinion of that court, in its arguments and conclusions, satisfactorily disposes of all the questions presented by the record, its judgment is affirmed.   All concur.