**C. Jerry PALMER, Respondent,**

v.

**C.J. PALMER, Lanny R. Palmer, and David L. Palmer, Appellants.**

**WD 43863.**

Missouri Court of Appeals,
Western District.

March 12, 1991.

Julius F. Wall, Clinton, for appellants.

Steven A. Fritz, Sedalia, for respondent.

Before GAITAN, P.J., and KENNEDY and BRECKENRIDGE, JJ.

GAITAN, Judge.

This is a civil action for an accounting filed by a withdrawing partner from a partnership. Judgment was entered for the amount of the withdrawing partner's share plus compound interest. This appeal challenges only that portion of the judgment pertaining to compound interest assessed upon the judgment. The judgment is affirmed.

A sole point is presented which asserts the trial court erred in awarding compound interest on the judgment because that judgment interest was to be simple interest only.

The pertinent facts, which are not in dispute on this appeal, are as follows:

On or about August 9, 1971, the parties entered into a partnership, the nature of which was the sale of automotive parts and tools, both retail and wholesale. On April 30, 1984, respondent withdrew from the partnership. A dispute arose as to whether respondent was entitled to any monies on withdrawal and if so, how much. Respondent filed an action in accounting on June 13, 1986. A bifurcated hearing was held in the matter, the first part of which determined that respondent held a 17% partnership interest as of April 30, 1984. The second part of the proceedings con-

cluded with the court's ruling that respondent's interest amounted to the sum of $20,361.33. In its judgment awarding the sum to respondent, the trial court also ruled:

> The court awards further judgement [sic] against defendant's [sic] and in favor of plaintiff for interest from April 30, 1984 to August 31, 1990 at 9% per anum [sic] compounded annually in the sum of $16,-860.70.

Appellants filed a motion to amend the judgment, alleging the interest applied was in error. In response to this motion, the trial court amended its judgment to read:

> In regards to the issue of the computation of the prejudgment interest, the court has been shown to be in error. The proper computation should be $14,-801.00 from April 30, 1984, to August 31, 1990. The judgment of interest has been amended in the court's findings and conclusions to $14,801.00.

This appeal followed.

Findings of fact and conclusions of law were entered by the trial court. The applicable findings and conclusions read as follows:

> On August 17, 1990, the Court entered its findings and conclusions of law in which it awarded a money judgment for prejudgment interest for plaintiff in the amount of $16,860.70. Neither party questions the right to interest, as the Uniform Partnership Act codified under Missouri Statutes provides therefore. Sec. 358.420 RSMo. It is the amount that is in question.
>
> The defendants cite the Federal court case from the Western District of Missouri of *Nika [NIKA] Corp. vs. City of Kansas City, Mo.*, 582 F.Supp. 343 (1983), which seeks to construe the area in which the parties find themselves.
>
> This court believes that Nika can be construed on the facts as applying only in that factual situation. The plaintiff cites *Boatmen's Bank vs. Bogina*, case No. WD 42712. [794 S.W.2d 703. (1990).] While this recently decided case is not directly on point, the statement, "... prejudgment interest is awarded on the the-

ory that it is necessary in order to give full compensation for the loss sustained", is pursuasive [sic].

> In 68 C.J.S. Sec. 397 it states that normally such prejudgment interest is not allowed except where circumstances equitably demand such allowance, as when one partner has retained the assets for an unreasonable length of time or there is bad faith. Without a contract there can usually be no compounding of interest, but in many cases court's [sic] allow it on equitable grounds. *Sanguinett vs. Webster*, [153 Mo. 343,] 54 SW 563. [(1899)] Interest on allowances in partnership accounting in proper cases may be compounded at the discretion of the court. 59A AMJur2nd Sec. 1022.
>
> This court exercises its discretion and overrules defendant's motion to amend judgment in regards to prejudgment compound interest, as to do otherwise would be unequitable. The defendant's [sic] had used plaintiff's funds for six and one-third years after having been demanded to provided him with same. Plaintiff could not be made whole and receive full compensation for his loss if compounding were not allowed. To not allow annually compounded interest under the circumstances of this case would encourage partners to withhold and use partnership funds after dissolution, but before winding up.

Appellants argue that the trial court was limited to applying simple interest not to exceed 9% per annum pursuant to Mo.Rev. Stat. § 408.020 (1986). Based upon appellants' application of § 408.020 and their calculation, they allege the judgment interest should amount to no more than $11,-606.00. Appellants further cite to this court several cases involving partnership dissolution. In those cases, simple interest was applied. Those cases, however, do not address the precise issue herein and are of no real help. They certainly are not controlling; nor is the wording of Mo.Rev.Stat. § 408.020 (1986), or Mo.Rev.Stat. § 408.040 (1986), of any help in regard to the precise issue herein.

This is a case in equity and there can be no real dispute regarding that statement.

*See Chapman v. Dunnegan,* 665 S.W.2d 643, 646 (Mo.App.1984).

As can be observed above, the court herein recognized and declared its role as a court of equity and precisely cited to *Sanguinett v. Webster,* 153 Mo. 343, 54 S.W. 563 (1899). While the Missouri Supreme Court in *Sanguinett* did not uphold the application of compound interest, concluding the circumstances of that case did not warrant the same, the Supreme Court nonetheless fully recognized and fully authorized the application of compound interest in those cases "in which courts of equity, to subserve the ends of justice, may and do order the interest to be computed" [citations omitted]. 54 S.W. at 572.

There is no transcript of the proceedings before this court. That is not to say that a transcript would cause the result to be any different, however, this court has nothing in an evidentiary sense against which to compare the trial court's conclusion that "[t]he defendant's [sic] had used plaintiff's funds for six and one-third years after having been demanded to provide him with same." This court must assume an evidentiary basis for the foregoing conclusion. From that, it cannot be said that in exercise of equitable powers that the trial court erred in applying compound interest upon and to the judgment under the authority of *Sanguinett.*

It is obvious from the findings of fact and conclusions of law that the trial court herein exercised its equitable powers, which it was authorized to do, and entered the compound interest as a means to fully compensate respondent herein. This action by the trial court was well within the authority prescribed by *Sanguinett.* The trial court did not err. The principle announced in *Sanguinett* found further explanation in *Denny v. Guyton,* 331 Mo. 1115, 57 S.W.2d 415 (banc 1932), *cert. denied,* 289 U.S. 738, 53 S.Ct. 657, 77 L.Ed. 1486 (1933), wherein the Missouri Supreme Court noted (after citing *Sanguinett*), "[a]ll orders for periodical rests and for compounding interest should be adopted, *not for punishing the delinquent trustee,* but for the purpose of attaining the actual or presumed gains, and to make certain that nothing of profit or advantage remains to the trustee, except, perhaps, his commissions or compensation." *Id.* 57 S.W.2d at 432 (emphasis in the original). Thus, it can be seen that the action by the trial court herein is premised upon that principle announced in *Denny* as well.

If there be any question relative to the term trustee employed in *Denny,* this court points out that remaining partners to a partnership which remain subsequent to the withdrawal by a partner are held to be and are treated as trustees of the withdrawing partner. *See Chapman,* 665 S.W.2d at 647.

As has been observed, § 408.020 and § 408.040 do not address the precise question herein. Moreover, the record provided this court discloses the trial court was sitting as a court of equity and as such, was empowered or authorized to apply compound interest under the rules announced in *Sanguinett* and *Denny.* As noted above, there is nothing to suggest that the court lacked sufficient evidentiary basis for its action. This court holds that the trial court had authority to apply compound interest and it did not abuse its discretion in so doing.

The judgment is affirmed.

All concur.