Jeffrey GEISNER, et al., Plaintiffs,

v.

BUDGET RENT A CAR OF MISSOURI,
Defendant/Third–Party
Plaintiff/Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Third–Party
Defendant/ Respondent, and Thomas E.
Hudson, Intervenor.

No. 72507.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 24, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 29, 1997.

Application for Transfer Denied
June 16, 1998.

Jerry M. Merrell, Spain, Merrell and Miller, Poplar Bluff, for appellant.

Paul Hasty, Jr., Arlen L. Tanner, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Kansas City, for respondent.

JAMES R. DOWD, Judge.

Budget Rent a Car of Missouri ("Budget") appeals from a trial court order granting State Farm Mutual Insurance Company's ("State Farm") Motion for Summary Judgment. We affirm.

The following facts are uncontroverted: Thomas Hudson and his wife rented a car from Budget. His wife, Kathleen, was an authorized driver under Budget's rental contract. The Hudsons are Kansas residents and rented the car in Kansas. Mrs. Hudson was driving the Budget vehicle in Missouri when she was involved in an accident with Jeffrey and Keith Geisner. The Geisners claimed injuries and brought suit against Mrs. Hudson. At the time of the accident, the Hudsons were insured by a policy issued by State Farm.

The Geisners reduced their claim against Mrs. Hudson to a judgment of the circuit court, but Budget refused to satisfy the judgment. The Geisners brought an action against Budget to collect the judgment. Budget in turn filed a Third Party Petition against State Farm, upon which the parties filed cross-motions for summary judgment.

At the time of the accident, Budget was the named insured on a policy issued by Associated International Insurance Company of Los Angeles ("Associated"). Associated's policy states that anyone operating a Budget vehicle is an insured person under the policy as long as the operator has the expressed or implied permission of Budget to operate the vehicle. The policy states that the insurance provided is primary. The policy is endorsed with a self-insured retention endorsement whereby Budget retains the first $250,000 in exposure. The self-insured retention endorsement provides that Budget's self-insured retention is primary and that all of the terms and conditions of the policy apply equally to the self-insured retention. The rental contract states that there is no liability insurance coverage provided to the renter if the renter has his own coverage. The Hudson's State Farm policy provides "excess" coverage for the operation of a non-owned vehicle.

Budget argues in its first point that the trial court erred in sustaining State Farm's Motion for Summary Judgment and overruling its Motion for Summary Judgment. Budget argues the trial court erred in finding that the liability coverage provided by State Farm was excess and the liability coverage provided by Budget's rental contract and the Associated policy was primary coverage. Budget contends that a comparison of the language of the competing "other insurance" clauses contained in the rental contract between Budget and Hudson establishes that Budget's "escape" clause prevails over State Farm's "excess" clause, and therefore State Farm's liability coverage applies to the loss in question.

On appeal from summary judgment, we review the record in the light most favorable to the party against whom the judgment was entered. *Polston v. Aetna Life Ins. Co.*, 932 S.W.2d 786, 787 (Mo.App. E.D.1996). Summary judgment is appropriate if the motion and response demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is *de novo*. *Id.*

Summary judgment is particularly appropriate if the issue to be decided is the construction of a contract that is unambiguous on its face. *Pakmark Corp. v. Liberty Mut. Ins.*, 943 S.W.2d 256, 258 (Mo.App. E.D. 1997). Disputes arising from interpretation and application of insurance contracts are matters of law for the court where there are no underlying facts in dispute. *Id.* If the language of the insurance policy is clear and unambiguous, this Court does not have the power to rewrite the policy for the parties and must construe the policy as written. *Id.* at 259.

■ Budget asserts that a comparison between the State Farm policy and Budget's rental contract reveals that Budget's escape clause prevails over State Farm's "excess" clause. However, in its brief, Budget fails to recite the relevant State Farm clause in its entirety. The Hudson's State Farm policy reads in part:

#### If There Is Other Liability Coverage

3. Temporary Substitute Car, Non–Owned Car, Trailer.

   If a *temporary substitute car, a non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle* has other vehicle liability coverage on it, then this coverage is excess. THIS COVERAGE SHALL NOT APPLY:

   a. IF THE VEHICLE IS OWNED BY ANY *PERSON* OR ORGANIZATION IN A *CAR BUSINESS;* AND

   b. IF THE *INSURED* OR THE OWNER HAS OTHER LIABILITY COVERAGE WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE.

The State Farm policy defines a "car business" as a:

Business or job where the purpose is to sell, lease, repair, service, transport, store

or park motor vehicles designed for use mainly on public roads.

Budget's rental contract states in part:

12. (b) The limits of automobile liability protection provided to renter or authorized driver hereunder shall be in amounts as sets forth on the reverse side hereof. Exception: The parties hereto specifically agree that there is no liability insurance coverage provided to renter or authorized driver if there is other valid and collectible insurance, whether primary, excess or contingent, available to renter or authorized driver and the limits of such other insurance are sufficient to pay damages up to the amount of the applicable financial responsibility limit, no fault limit or uninsured motorist, or underinsured motorist.

Budget's rental contract states that no liability coverage is provided if there is other valid and collectible insurance available to the renter or authorized driver, even if such insurance is excess. However, no "other" insurance was available to the Hudsons in the given situation. The Hudsons' State Farm policy unambiguously states that there is no excess coverage if the vehicle is owned by a car business. Budget is a car business as defined by the State Farm policy. Therefore, Budget's rental agreement's escape clause does not prevail over State Farm's "excess" clause because State Farm's policy does not extend excess coverage to rental cars. Point I denied.

■ In its second point, Budget claims that the trial court erred in its construction of the provisions of the Associated policy and Budget's rental contract in finding that Budget afforded liability coverage to its lessee in the amount of $250,000. The relevant terms of Associated's insurance contract with Budget provide: liability insurance coverage to the person driving the Budget vehicle with Budget's permission; that it is primary coverage; that it is endorsed with a self-insured retention endorsement whereby Budget retains the first $250,000 in exposure; that the self-insured retention is primary coverage and that all of the terms and conditions of the policy apply equally to the self-insured retention.

The contract for insurance between Budget and Associated unambiguously provides primary coverage to the Hudsons, under the self-insured retention Budget is responsible for the first $250,000 of exposure and Associated is responsible for anything above that up to $750,000. Budget's rental contract has no effect on the terms of its policy with Associated. Thus, we find the trial court did not err in its construction of Budget's Associated insurance policy. Point II denied.

Judgment affirmed.

CRANE, P.J., and RHODES RUSSELL, J., concur.