Southern Jeffrey GEISNER, Keith Geisner, a Minor by his Next Friend, Janis Geisner, Al Geisner, and Janis Geisner, Plaintiffs/Respondents,

v.

BUDGET RENT A CAR OF MISSOURI, Defendant/Appellant,

and

Thomas E. Hudson, Intervenor/Respondent.

No. 75325.

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 3, 1999.

Jerry M. Merrell, Poplar Bluff, for appellant.

J. Michael Ponder, Cape Girardeau, for respondents.

LAWRENCE G. CRAHAN, Judge.

Budget Rent A Car ("Budget") appeals the summary judgments entered in favor of the Geisner family ("Plaintiffs") and Thomas E. Hudson ("Passenger"),[1] in their actions for equitable garnishment of an insurance policy pursuant to section 379.200 RSMo 1994.[2] We affirm in part and reverse in part and remand.

When considering appeals from summary judgments, the record is viewed in the light most favorable to the non-movant, and the non-movant is given the benefit of all reasonable inferences. *J.M. v. Shell Oil Co.*, 922 S.W.2d 759, 761 (Mo. banc 1996). If a genuine issue of fact exists, summary judgment cannot be granted. *Hallmark v. Haenni*, 904 S.W.2d 31, 33 (Mo.App.1995).

The relevant facts are as follows. Passenger rented a car from Budget. The next day, Passenger's wife ("Driver") was involved in a two car automobile accident while driving the rental car. Passenger was with her in the car at the time of the accident and sustained injuries from the accident. Jeffrey Geisner and Keith Geisner, a minor, were in the other car and were also injured.

At the time of the accident, Driver was covered by a $750,000 automobile liability insurance policy issued to Budget by Associated International Insurance Company ("Associated"). Under the policy, Budget was liable for the first $250,000 of any covered loss, as a self-insured endorsement.

Budget received notice of the accident the day it happened and denied coverage three weeks later. Plaintiffs filed suit against Driver for injuries sustained in the accident by Jeffrey and Keith Geisner. Budget learned of the action only 16 days before trial. Prior to trial, Plaintiffs entered into a settlement contract with Driver, pursuant to section 537.065 RSMo 1986, whereby any judgment obtained against Driver would be satisfied against only Budget or any insurance company insuring Budget. Driver also assigned Plaintiffs all her rights against Budget and Associated. Driver did not admit liability and the settlement contract states that she "continues to deny that she was at fault...."

After a bench trial the court held Driver to be at fault and entered judgment in favor of Plaintiffs as follows: $100,000 for Jeffrey Geisner, $100,000 for Keith Geisner, and $15,000 for their parents. Subsequent to that judgment, Passenger brought an action against Driver and Jeffrey Geisner for injuries Passenger sustained in the accident. Passenger dismissed his claim against Geisner with prejudice and entered into a settlement contract with Driver pursuant to section 537.065. Following a bench trial, the court entered judgment for Passenger against Driver for $100,000.

Plaintiffs brought this equitable garnishment action pursuant to section 379.200 to satisfy their judgment against Driver. Passenger intervened in the case seeking the same remedy. Budget then filed a third party claim against State Farm Mutual Automobile Insurance Company seeking a declaration that Driver's State Farm liability insurance policy provided primary coverage for the loss in question and Budget's coverage was excess or non-existent. State Farm filed a motion for summary

---

1. Budget claims that subsequent to the filing of this appeal, it paid Passenger $95,000 in full settlement of his claim.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

judgment, arguing that Budget's coverage was primary and in the amount of $250,-000. The trial court granted State Farm summary judgment against Budget and certified it as final pursuant to Rule 74.01(b). Budget appealed the judgment and we affirmed. *Geisner v. Budget Rent A Car of Missouri*, 967 S.W.2d 95 (Mo. App.1998).

Plaintiffs and Passenger then filed motions for summary judgment against Budget, claiming that no genuine issue of material fact remained after the trial court determined that Budget provided coverage to Driver. The trial court entered summary judgment for Plaintiffs in the amount of $215,000 plus annually compounded interest from January 6, 1994, and for Passenger in the amount of $100,000 plus compound interest.

■ In its first point, Budget claims the trial court erred in entering summary judgment for Plaintiffs because a material fact existed as to whether the settlement contract between Plaintiffs and Driver was reasonable and enforceable. As Budget elected not to participate in Plaintiffs' action against Driver, it bore the burden of proving the unreasonableness of the settlement contract. *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810, 816 (Mo. banc 1997). Budget, however, neither raised the issue in its answer to Plaintiffs' petition,[3] nor presented evidence of the contract's unreasonableness. Accordingly, there was no genuine issue of material fact as to the reasonableness of the settlement contract between Plaintiffs and Driver. Point denied.

In its second point, Budget argues that the trial court erred in finding that Plaintiffs' judgment against Driver was reasonable because no evidence supported that finding. In view of our holding above that

Budget failed to put the reasonableness of the settlement contract in issue, Budget cannot have been prejudiced by the trial court's finding. Point denied.

■ In its third point, Budget argues that the trial court erred in entering summary judgment for Plaintiffs because an issue of material fact remained as to whether Budget received sufficient notice of Plaintiffs' action against Driver. An insurer must plead prejudice resulting from an insured's failure to provide timely notice of a claim as an affirmative defense. *Weaver v. State Farm Mut. Auto. Ins. Co.*, 936 S.W.2d 818, 821 (Mo. banc 1997). Budget failed to plead prejudice resulting from Driver's alleged failure to provide timely notice of Plaintiffs' action against her. Accordingly, whether Budget received timely notice of Plaintiffs' claims was immaterial. Point denied.

■ Budget next argues that the trial court erred in entering summary judgment for Plaintiffs and Passenger in an aggregate amount exceeding Budget's self-insured retention on the Associated policy. We agree. This Court specifically held that under Budget's self-insured retention it is responsible for only the first $250,000 of exposure on the Associated policy. *Geisner v. Budget Rent A Car of Missouri*, 967 S.W.2d at 97. However, after this Court affirmed State Farm's summary judgment, the trial court held Budget liable to Plaintiffs and Passenger in an aggregate amount of $315,000, excluding interest.

In *Corder v. Morgan Roofing Co.*, 355 Mo. 127, 195 S.W.2d 441, 448 (1946), the Missouri Supreme Court held that proceedings under the general execution garnishment statute[4] are "only for the purpose of reaching and applying *the amount*

---

3. Five days after Plaintiffs moved for summary judgment against Budget, Budget attempted to file amended answers to Plaintiffs' petition, wherein it would have raised the issue of the reasonableness of the settlement agreement. However, the trial court denied

Budget's motion for leave to file the amended answers and Budget has not appealed that decision.

4. Sec. 6010, R.S.1939, Mo. R.S.A. Sec. 6010 is the predecessor of section 379.200.

*due* on an insurance policy to the satisfaction of their judgment." *Id.* at 448 (emphasis in original). An insurer may not force an equitable garnishment on an insurer for funds in excess of the limits designated in the policy. *Linder v. Hawkeye–Security Ins. Co.*, 472 S.W.2d 412, 415 (Mo. banc 1971).

The trial court erred in rendering summary judgment against Budget in an amount exceeding the limits of its liability under the Associated policy. The trial court should have made a pro rata allocation of the $250,000 insurance proceeds in accordance with the amount of damage suffered by each judgment creditor. *See Countryman v. Seymour R–II School Dist.*, 823 S.W.2d 515, 523 (Mo.App.1992); *Christlieb v. Luten*, 633 S.W.2d 139 (Mo. App.1982).[5]

■ Finally, Budget argues that the trial court erred in awarding Plaintiffs compound interest because section 408.040 does not allow compounding of interest. We agree. The trial court awarded Plaintiffs a total of $215,000 "with interest … running at the legal rate and compounded annually from January 6, 1994 to the present." Section 408.040.1 provides that "[i]nterest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made by payment, accord or sale of property.…" Section 408.040 does not specify whether simple or compound interest "shall be allowed." However, compound interest is not available on judgments in Missouri, with two exceptions. *Lammers v. Lammers*, 884 S.W.2d 389, 393 (Mo.App.1994). First, trial courts, sitting as courts of equity, may assess compound interest when justice requires it to serve the cause of equity. *Id.* Second, compound interest is allowed if the parties consent to it in the contract or agreement in question. *Id.*

■ In the instant case, the parties did not consent to compound interest in a contract or agreement. The issue is whether justice required compound interest to serve the cause of equity. Plaintiffs contend that the trial court, as a court of equity, had discretion to award them compound interest. They cite *Palmer v. Palmer*, 805 S.W.2d 326 (Mo.App.1991), as support for this contention. In *Palmer*, a withdrawing partner brought an action for accounting of the partnership. The court affirmed the trial court's award of compound interest because the trial court was sitting in equity and the defendant "had used plaintiff's funds for six and one-third years after having been demanded to provide him with same." *Id.* at 328. In making its decision, the court noted that "orders … for compounding interest should be adopted, not for punishing the delinquent trustee, but for the purpose of attaining the actual or presumed gains, and to make certain that nothing of profit or advantage remains to the trustee, except, perhaps, his commissions or compensation." *Id.* (quoting *Denny v. Guyton*, 331 Mo. 1115, 57 S.W.2d 415, 432 (Mo. banc 1932), *cert denied*, 289 U.S. 738, 53 S.Ct. 657, 77 L.Ed. 1486 (1933) (citations omitted)).

Missouri courts have upheld equitable awards of compound interest only when there has been a breach of fiduciary duty, such as self-dealing or commingling of funds. *See Palmer v. Palmer*, 805 S.W.2d 326 (Mo.App.1991) (partner); *In re Murdoch*, 129 Mo. 488, 31 S.W. 942 (1895) (assignee for distribution among partnership creditors); *Bobb v. Bobb*, 89 Mo. 411, 4 S.W. 511 (1887) (trustee); *Pomeroy v. Benton*, 77 Mo. 64 (1882) (partner); *Camp's Creditors and Distributees v. Camp's Administrator*, 74 Mo. 192 (1881) (administrator); *In re James L. Davis, Exec'r*, 62 Mo. 450 (1876) (executor); *Williams, Adm'r v. The Heirs of Petti-*

---

5. Associated was never made a party to the underlying suit. Accordingly, we express no opinion on whatever remedies Plaintiffs may have to recover the balance of their judgment against Associated.

*crew,* 62 Mo. 460 (1876) (administrator); and *Frost v. Winston,* 32 Mo. 489 (1862) (guardian). Those cases are distinguishable because Budget did not breach a fiduciary duty. Accordingly, the equitable exception to the general rule against compound interest does not apply in this case, and the trial court erred in awarding compound interest on the judgment.

The judgment is affirmed in part, reversed in part, and remanded for a pro rata allocation of Budget's $250,000 liability and an award of simple interest on Plaintiffs' judgment against Budget.

RHODES RUSSELL, P.J., and LAWRENCE E. MOONEY, J., Concur.